IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GLOBETECTRUST LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 12-1235 (RGA) |
| | ) |
| AT&T INC.; AT&T OPERATIONS, INC.; | ) |
| AT&T SERVICES, INC.; AT&T VIDEO | ) |
| SERVICES, INC.; VERIZON SERVICES | ) |
| CORP.; VERIZON CORPORATE | ) |
| RESOURCES GROUP, LLC; and CORNING | ) |
| INCORPORATED, | ) |
| | |
| Defendants. | |

**DEFENDANTS' OPENING BRIEF IN SUPPORT OF THEIR MOTION
TO STAY THE CLAIMS AGAINST THE CUSTOMER DEFENDANTS**

| | |
|---|---|
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | SEITZ ROSS ARONSTAM & MORITZ LLP |
| Jack B. Blumenfeld  (#1014) | Collins J. Seitz, Jr. (#2237) |
| Megan E. Dellinger  (#5739) | Benjamin J. Schladweiler (# 4601) |
| 1201 North Market Street | 100 S. West Street, Suite 400 |
| P.O. Box 1347 | Wilmington, DE 19801 |
| Wilmington, DE  19899 | (302) 576-1600 |
| (302) 658-9200 | cseitz@seitzross.com |
| jblumenfeld@mnat.com | bschladweiler@seitzross.com |
| mdellinger@mnat.com | |
| | *Attorneys for Defendants AT&T Inc., AT&T* |
| *Attorneys for Defendant Corning Incorporated* | *Operations, Inc., AT&T Services, Inc., AT&T Video Services, Inc., Verizon Services Corp., and Verizon Corporate Resources Group, LLC* |

January 25, 2013

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ......................................................................................................... ii

NATURE AND STAGE OF THE PROCEEDING......................................................................1

SUMMARY OF ARGUMENT ....................................................................................................2

STATEMENT OF FACTS ...........................................................................................................4

ARGUMENT.................................................................................................................................6

    I.    THE CLAIMS AGAINST THE AT&T AND VERIZON CUSTOMER DEFENDANTS SHOULD BE STAYED IN FAVOR OF THE CLAIMS AGAINST CORNING ...............................................6

        A.    A Stay Will Simplify The Issues For Trial ...................................................6

            1.    Granting A Stay As To The Customer Defendants Would Serve The Interests "Of Economy Of Time And Effort For [The Court], For Counsel, And For Litigants".......................................................................................6

            2.    The Manufacturer Is In The Best Position To Defend Because It Is "Intimately Involved In The Design . . . And Use" Of The Allegedly Infringing Equipment ........................................................................................7

        B.    This Case Is In Its Infancy ..............................................................................8

        C.    A Stay Of The Claims Against The Customer Defendants Will Not Unduly Prejudice Or Disadvantage The Plaintiff .........................8

CONCLUSION............................................................................................................................10

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Cheyney State Coll. Faculty v. Hufstedler*,
    703 F.2d 732 (3d Cir. 1983)...................................................................................2, 6, 7

*Commissariat A L'Energie Atomique v. Dell Computer Corp.*,
    No. Civ. A. 03-484-KAJ, 2004 WL 1554382 (D. Del. May 13, 2004) ......................................7

*Intravascular Research Ltd. v. Endosonics Corp.*,
    994 F. Supp. 564 (D. Del. 1998) ...............................................................................................2

*Katz v. Lear Siegler, Inc.*,
    909 F.2d 1459 (Fed. Cir. 1990)............................................................................................3, 7

*Landis v. N. Am. Co.*,
    299 U.S. 248 (1936)..................................................................................................................6

*Pragmatus Telecom, LLC v. Advanced Store Co., Inc.*,
    C.A. No. 12-088-RGA, 2012 WL 2803695 (D. Del. July 10, 2012).............................. Passim

*Refac Int'l, Ltd. v. IBM*,
    798 F.2d 459 (Fed. Cir. 1986)................................................................................................3, 9

*Teleconference Sys. v. Proctor & Gamble Pharm., Inc.*,
    676 F. Supp. 2d 321 (D. Del. 2009)..........................................................................................6

*United States v. Kordel*,
    397 U.S. 1 (1970).......................................................................................................................6

**NATURE AND STAGE OF THE PROCEEDING**

On October 1, 2012, Plaintiff GlobeTecTrust, LLC ("GlobeTecTrust") filed two complaints against Corning Incorporated ("Corning") alleging that the Corning UCNCP Dome Closure with MAX – Fibre Routing System products infringed U.S. Patent Nos. 5,457,763 ("the '763 patent") and 5,588,076 ("the '076 patent"). The complaints were identical except that one joined 3M and various AT&T entities (C.A. No. 12-1235-RGA), while the other joined 3M and various Verizon entities (C.A. No. 12-1250-RGA). The Complaints alleged that the AT&T and Verizon defendants infringed the patents-in-suit through, "among other things," their use of "the same products manufactured by 3M and Corning." C.A. No. 12-1235-RGA, D.I. 1 at 16, 25; C.A. No. 12-1250-RGA, D.I. 1 at 15, 24.

After counsel for Corning informed counsel for GlobeTecTrust that the UCNCP Dome Closure with MAX – Fibre Routing System products were never made, used, imported, offered for sale, or sold in the United States, GlobeTecTrust amended its Complaints on December 21, 2012 to replace those products with various different products. The allegations that the AT&T and Verizon defendants infringed the patents-in-suit through "among other things" their use of "the same products manufactured by 3M and Corning" were repeated. C.A. No. 12-1235-RGA, D.I. 22 at 16, 25; C.A. No. 12-1250-RGA, D.I. 22 at 15, 24.

Counsel for Corning and 3M subsequently contacted counsel for GlobeTecTrust regarding joinder in the two suits, which created duplicative actions against Corning and 3M and joined Corning and 3M in both suits, solely based on allegations that unrelated products infringed the same patents, in violation of 35 U.S.C. §§ 299(a) and (b). Thereafter, GlobeTecTrust filed its Second Amended Complaint in this action on January 8, 2013. The Second Amended Complaint alleges infringement of the same two patents by the same nine Corning products and alleges infringement by the AT&T and Verizon entities for "using the

same products manufactured by Corning." C.A. No. 12-1235-RGA, D.I. 24 at 15, 16, 17, 23, 24, 25. The primary change in the Second Amended Complaint is that the defendants are now AT&T Inc., AT&T Operations, Inc., AT&T Services, Inc., AT&T Video Services, Inc., Verizon Services Corp., Verizon Corporate Resources Group, LLC, and Corning Incorporated (collectively, "Defendants"). In C.A. No. 12-1250-RGA, 3M remains as a defendant and Corning is no longer named as a defendant.

Although Defendants dispute that the accused products infringe the patents-in-suit, they do not address these allegations at this time. For the reasons set forth below, Defendants move to stay the claims against the AT&T and Verizon customer defendants pending the resolution of the case against Corning.[1]

## SUMMARY OF ARGUMENT

1. A stay will simplify the issues for trial by streamlining or mooting the cases against the AT&T and Verizon defendants. *Pragmatus Telecom, LLC v. Advanced Store Co., Inc.*, C.A. No. 12-088-RGA, 2012 WL 2803695, at *1–2 (D. Del. July 10, 2012). Granting the stay would also "serve the interests of economy of time and effort for [the Court], for counsel, and for litigants" by sparing these customer defendants from the expensive and time-consuming exercise of preparing an infringement defense for products for which there are few allegedly infringing sales. *Id.* at *2 (quoting *Cheyney State Coll. Faculty v. Hufstedler*, 703 F.2d 732, 737 (3d Cir. 1983)).

---

[1] Because Defendants have moved to stay this action against the AT&T and Verizon customer defendants, those defendants have not filed Answers to the Complaint. See *Intravascular Research Ltd. v. Endosonics Corp.*, 994 F. Supp. 564, 567 n.3 (D. Del. 1998) ("[M]otions to stay have been recognized as tolling the time period for answering a complaint because pre-answer consideration of these motions have been found to maximize the effective utilization of judicial resources.").

2. Granting the stay will also simplify the case by removing secondary defendants and issues. The Federal Circuit has long recognized that the manufacturer is the "true defendant" and is in the best position to defend these allegations, as opposed to the AT&T and Verizon customer defendants who, at most, use these products. *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990).

3. A stay is warranted because the cases are in their infancy. Thus, neither the parties nor the Court will be prejudiced if a stay is granted as to the suits against AT&T and Verizon. *Pragmatus Telecom*, 2012 WL 2803695, at *2.

4. Granting a stay as to the AT&T and Verizon defendants will not prejudice GlobeTecTrust. Corning, the alleged manufacturer, is before the Court, and all needed discovery can be obtained from it. A stay does not remove these customer defendants permanently from the case, so GlobeTecTrust is not prevented from later pursuing any claims against the customer defendants, in the unlikely event that the case against Corning does not fully resolve the cases against the AT&T and Verizon entities. *Refac Int'l, Ltd. v. IBM*, 798 F.2d 459, 460 (Fed. Cir. 1986). Further, in the unlikely event that any claims remain against the AT&T and Verizon entities following resolution of the case against Corning, any delay in pursuing its case against the AT&T and Verizon defendants will not prejudice GlobeTecTrust because the asserted patents are either expired or about to expire, and any intervening infringement during the short remaining patent life can be fully compensated by monetary damages. *Pragmatus Telecom*, 2012 WL 2803695, at *2.

**STATEMENT OF FACTS**

This case began when GlobeTecTrust filed two complaints, both alleging infringement of the '763 and '076 patents. C.A. No. 12-1235-RGA, D.I. 1; C.A. No. 12-1250-RGA, D.I. 1. One complaint named Corning, 3M and certain AT&T entities as defendants, C.A. No. 12-1235-RGA, D.I. 1; the other named Corning, 3M and certain Verizon entities. C.A. No. 12-1250-RGA, D.I. 1. Except for the difference between the Verizon defendants and the AT&T defendants, the complaints were identical. Both complaints alleged infringement by Corning for, "among other things, making, using, importing, offering for sale and/or selling an optical cable apparatus claimed in the [patents-in-suit], including the UCNCP Dome Closure with MAX – Fibre Routing System products." C.A. No. 12-1235-RGA, D.I. 1 at ¶¶ 15, 24; C.A. No. 12-1250-RGA, D.I. 1 at ¶¶ 14, 23.

As to the customer defendants, the C.A. No. 12-1235-RGA Complaint asserted that "AT&T is infringing (literally and/or under the doctrine of equivalents) the [patents-in-suit] in this District and throughout the United States by, among other things, making, using, importing, offering for sale and/or selling an optical cable apparatus claimed in the [patents-in-suit], including using the same products manufactured by 3M and Corning in AT&T's U-verse network." C.A. No. 12-1235-RGA, D.I. 1 at ¶¶ 16, 25. The C.A. No. 12-1250-RGA Complaint language was identical, except for the substitution of "Verizon" for "AT&T" and "Verizon's FiOS fiber optic systems" for "AT&T's U-verse network." C.A. No. 12-1250-RGA, D.I. 1 at ¶¶ 15, 24.

After reviewing the Complaints, Corning determined that the accused UCNCP Dome Closure with MAX – Fibre Routing System products had never been made, used, imported, offered for sale, or sold in the United States—not to AT&T, Verizon, or anyone else. After counsel for Corning communicated this to counsel for GlobeTecTrust, GlobeTecTrust filed

- 4 -

Amended Complaints on December 21, 2012, dropping the UCNCP Dome Closure with MAX – Fibre Routing System products, but adding several different products[2] (which bear little resemblance to the originally accused products or the claims of the patents-in-suit).  C.A. No. 12-1235-RGA, D.I. 22 at ¶¶ 15, 24; C.A. No. 12-1250-RGA, D.I. 22 at ¶¶ 14, 23.  The AT&T and Verizon defendants were again alleged to infringe the '763 and '076 patents by using those "same products manufactured by 3M and Corning."  C.A. No. 12-1235-RGA, D.I. 22 at ¶¶ 16, 25; C.A. No. 12-1250-RGA, D.I. 22 at ¶¶ 15, 24.

Shortly thereafter, counsel for Corning and 3M again contacted counsel for GlobeTecTrust regarding joinder in the two suits, which created duplicative actions against Corning and 3M, and joined Corning and 3M in both suits in violation of 35 U.S.C. §§ 299(a) and (b).  GlobeTecTrust then filed its Second Amended Complaint in this action alleging infringement of the same two patents by the same nine Corning products and alleging infringement by the AT&T and Verizon entities for "using the same products manufactured by Corning."  C.A. No. 12-1235-RGA, D.I. 24 at 15, 16, 17, 23, 24, 25.  The primary change in the Second Amended Complaint is the list of defendants, as 3M is no longer a party to the C.A. No. 12-1235-RGA action, but both the AT&T and Verizon entities now are.

---

[2]  These products are:  Corning M67 Fusion Splice Trays, Corning M67-060 Splice Tray, Corning SCF-6C22-01-72, Corning SCF-6C22-01-F, Corning SCF-6C28-01-144, Corning SCF-6C22-F, Corning SCF-4C18-01-36, Corning UCAO-05-24, and Corning SCF-8C28-01-F.  C.A. No. 12-1235-RGA, D.I. 22 at 15, 24; C.A. No. 12-1250-RGA, D.I. 22 at 14, 23.

**ARGUMENT**

I. **THE CLAIMS AGAINST THE AT&T AND VERIZON CUSTOMER DEFENDANTS SHOULD BE STAYED IN FAVOR OF THE CLAIMS AGAINST CORNING**

A district court "has the discretion to stay a case if the interests of justice so require." *Teleconference Sys. v. Proctor & Gamble Pharm., Inc.*, 676 F. Supp. 2d 321, 326 (D. Del. 2009) (citing *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970)). Indeed, this power "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Cheyney State*, 703 F.2d at 737 (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). In evaluating a motion to stay, this court considers the following three factors: "(1) whether granting the stay will simplify the issues for trial; (2) whether discovery is complete and a trial date is set; and (3) whether granting a stay would cause the non-moving party to suffer undue prejudice from any delay, or a clear tactical disadvantage." *Pragmatus Telecom*, 2012 WL 2803695, at *1.

  A.  **A Stay Will Simplify The Issues For Trial**

    1.  **Granting A Stay As To The Customer Defendants Would Serve The Interests "Of Economy Of Time And Effort For [The Court], For Counsel, And For Litigants"**

Where, as here, the alleged manufacturer is before the court and willing to defend, there is no reason to complicate the case by dragging into the mix customer defendants and burdening them unnecessarily with litigation. Litigating the case against the alleged manufacturer first will streamline any remaining action against the customer defendants. *Pragmatus Telecom*, 2012 WL 2803695, at *2. If the accused products are found not to infringe the patents-in-suit or if the patents-in-suit are found invalid, the case against the AT&T and Verizon customers will be mooted. Additionally, if the Corning products are found to infringe the patents-in-suit, satisfaction of that judgment would exhaust the damages for any units

purchased by the customer defendants. Because staying the case against the AT&T and Verizon defendants pending the outcome of the case against Corning will at the very least streamline and very likely be dispositive of the claims against the customer defendants, granting the stay will simplify the issues for trial. *Id.*

Additionally, staying the case against the AT&T and Verizon defendants will prevent an enormous waste of resources. If the case goes forward against these defendants, they will be forced to engage in discovery, provide non-infringement and invalidity contentions, engage in claim construction proceedings, and conduct expert discovery—all for products that they have not made or, for the most part, even purchased. These large expenditures of time and money would serve no purpose in advancing the case. Therefore, because staying the cases against the customer defendants will serve the interests of "economy of time and effort for [the Court], for counsel, and for litigants," this factor favors a stay. *Id.* at *1 (quoting *Cheyney State*, 703 F.2d at 737).

    **2.**     **The Manufacturer Is In The Best Position To Defend Because It Is "Intimately Involved In The Design . . . And Use" Of The Allegedly Infringing Equipment**

The accused products are alleged to have been made and sold by Corning. The manufacturer is in the best position to defend against accusations of patent infringement. The Federal Circuit has long recognized "that, in reality, the manufacturer is the true defendant in the customer suit." *Katz*, 909 F.2d at 1464. The manufacturer, as the true defendant, "is in the best position to contest the validity and infringement of [the] asserted patents" because it is "intimately involved in the design, operation, and use of its accused [product]." *Commissariat A L'Energie Atomique v. Dell Computer Corp.*, No. Civ. A. 03-484-KAJ, 2004 WL 1554382, at *3 (D. Del. May 13, 2004).

Not only does the manufacturer, as the designer of the equipment, have the greatest incentive to defend its products, it also possesses the greatest knowledge about the design and use of the accused products. Therefore, Corning, as the alleged manufacturer, is better able to assert defenses of invalidity and non-infringement than are AT&T and Verizon, who are alleged to have done nothing more than use these products. Because the manufacturer is the true defendant, it possesses both the information and the incentive to fully litigate the issues. The imposition of secondary defendants into the matter adds nothing, serving only to complicate the case. Their removal, therefore, will simplify the issues for trial.

Because Corning is in the best position to defend, the inclusion of these secondary customer defendants serves only to complicate the issues, delay the progression of the case, and enormously increase the litigation costs. Therefore, granting the stay will simplify the issues for trial, favoring grant of the stay.

### B. This Case Is In Its Infancy

Given the very early stage of this litigation, the second factor also favors a stay. No scheduling conference has been set, nor has any discovery been conducted. Because this case is in its infancy, neither the parties nor the judicial process will be prejudiced if the claims against the AT&T and Verizon defendants are stayed pending the resolution of the claims against Corning. *Pragmatus Telecom*, 2012 WL 2803695, at *2.

### C. A Stay Of The Claims Against The Customer Defendants Will Not Unduly Prejudice Or Disadvantage The Plaintiff

Granting a stay as to the AT&T and Verizon defendants pending the resolution of the case against Corning would not in any way prejudice GlobeTecTrust. To begin with, all needed discovery can be obtained from Corning. Further, a stay does not remove the AT&T and Verizon defendants from the case permanently. GlobeTecTrust's assertions of infringement by

Corning products will be litigated between GlobeTecTrust and Corning. If, after the completion of the case against Corning, GlobeTecTrust retains any claims as to the AT&T and Verizon defendants, those claims can be litigated at that time. See *Refac Int'l*, 798 F.2d at 460 (rejecting plaintiff's argument that it will be "put out of court by the stay order" because "[t]he order staying the prosecution of claims against thirty-one defendants is a matter of case management within the discretion of the district court and does not put [plaintiff] 'out of court.'").

Finally, GlobeTecTrust will also not be prejudiced by any delay incurred in staying the customer suits, in the event that the resolution of the case against Corning does not resolve the claims against AT&T and Verizon. The '763 patent has expired and the '076 patent will expire in slightly more than a year.[3] Because both patents will have expired well before trial, even in the absence of a stay, there is no risk of continuing infringement from grant of a stay. Further, in the unlikely event that the case against the alleged manufacturer does not moot the claims against the AT&T and Verizon entities, any such continuing infringement during the course of the stay could easily be compensated with damages. *See Pragmatus Telecom*, 2012 WL 2803695, at *2 (finding that "no clear tactical disadvantage or undue prejudice against [the plaintiff] would exist by granting the stay" where "[a]ny purported harm suffer[ed by the plaintiff] from a stay can be fully compensated by monetary damages").

That Verizon and AT&T are, at best, secondary defendants in this case is underscored by the fact that Verizon has not purchased the accused products and AT&T has made only minimal purchases of only one of the products. Staying the case against such inconsequential defendants will not prejudice GlobeTecTrust in any way.

---

[3] The '763 patent expired on October 10, 2012; the '076 expires on February 24, 2014.

Because all needed discovery can be obtained from Corning, and any damages incurred during the pendency of the stay can be fully compensated should the case against Corning not fully resolve the claims against AT&T and Verizon, there will be no prejudice or disadvantage to GlobeTecTrust from granting the stay. Therefore, the third factor also favors a stay of the claims against the AT&T and Verizon defendants.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motion to stay the claims against the AT&T and Verizon defendants.

| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | SEITZ ROSS ARONSTAM & MORITZ LLP |
|---|---|
| */s/ Jack B. Blumenfeld* | */s/ Benjamin J. Schladweiler* |
| Jack B. Blumenfeld (#1014) | Collins J. Seitz, Jr. (#2237) |
| Megan E. Dellinger (#5739) | Benjamin J. Schladweiler (#4601) |
| 1201 North Market Street | 100 S. West Street, Suite 400 |
| P.O. Box 1347 | Wilmington, DE 19801 |
| Wilmington, DE 19899 | (302) 576-1600 |
| (302) 658-9200 | cseitz@seitzross.com |
| jblumenfeld@mnat.com | bschladweiler@seitzross.com |
| mdellinger@mnat.com | |
| *Attorneys for Defendant Corning Incorporated* | *Attorneys for Defendants AT&T Inc., AT&T Operations, Inc., AT&T Services, Inc., AT&T Video Services, Inc., Verizon Services Corp., and Verizon Corporate Resources Group, LLC* |

OF COUNSEL:

Bryant C. Boren, Jr.
Kevin E. Cadwell
BAKER BOTTS LLP
620 Hansen Way
Palo Alto, CA 94304
(650) 739-7500

Roger Fulghum
Lisa Kelly
Ali Dhanani
William P. Rothwell
BAKER BOTTS LLP
One Shell Plaza
910 Louisiana
Houston, TX 77002
(713) 229-1234

*Attorneys for Defendants AT&T Inc., AT&T Operations, Inc., AT&T Services, Inc., and AT&T Video Services, Inc.*

January 25, 2013

OF COUNSEL:

Charles B. Molster, III
Andrew R. Sommer
Matthew B. Weinstein
WINSTON & STRAWN LLP
1700 K Street, NW
Washington, D.C. 20006
(202) 282-5000

Kurt A. Mathas
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601
(312) 558-5600

Jason S. Charkow
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
(212) 294-6700

*Attorneys for Defendants Verizon Services Corp., and Verizon Corporate Resources Group, LLC*

# **CERTIFICATE OF SERVICE**

I hereby certify that on January 25, 2013, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on January 25, 2013, upon the following in the manner indicated:

| | |
|---|---|
| Kenneth L. Dorsney, Esquire<br>MORRIS JAMES LLP<br>500 Delaware Avenue, Suite 1500<br>Wilmington, DE  19801<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Marc A. Fenster, Esquire<br>Alexander C.D. Giza, Esquire<br>Stanley H. Thompson, Esquire<br>RUSS, AUGUST & KABAT<br>12424 Wilshire Boulevard, 12th Floor<br>Los Angeles, CA  90025-1031<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |

*/s/ Jack B. Blumenfeld*
Jack B. Blumenfeld (#1014)